UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIBANK, N.A.,<br><br>                            Plaintiff,<br><br>vs.<br><br>SEPEHR TORABI et al.,<br><br>                          Defendants. | CASE NO. 12-CV-2194 - IEG<br><br>**ORDER:**<br><br>**1.  GRANTING PLAINTIFF'S MOTION TO REMAND;**<br><br>[Doc. No. 2]<br><br>**2.  DENYING PLAINTIFF'S *EX PARTE* MOTION TO SHORTEN TIME AS MOOT**<br><br>[Doc. No. 3] |

On July 6, 2012, Plaintiff Citibank, N.A., filed this action in San Diego County Superior Court, alleging a single state law claim of unlawful detainer for damages not to exceed $10,000. [*See* Doc. No. 1, Ex. 1.] On September 10, 2012, Defendant Sepehr Torabi removed to this Court, invoking federal question jurisdiction on the basis that Plaintiff's actions violated Defendants' rights under the Fifth and Fourteenth Amendments. [Doc. No. 1.] On September 17, 2012, Plaintiff filed a motion to remand, [Doc. No. 2], and an *ex parte* motion to shorten time on the motion to remand, [Doc. No. 3]. For the reasons below, the Court finds that it lacks subject matter jurisdiction and thus **GRANTS** Plaintiff's motion to remand and **DENIES** Plaintiff's *ex parte* motion to shorten time as moot.

### DISCUSSION

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v.*

*Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1441). But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Where, as here, removal is predicated on 28 U.S.C. § 1331, *i.e.*, federal question jurisdiction, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983). To "arise under" federal law, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* at 11.

Here, Plaintiff's complaint asserts a single state law claim for unlawful detainer, of which no right or immunity under the Constitution or federal law is an essential element. [*See* Doc. No. 1, Ex. 1.] And under well-settled doctrine, Defendant's responsive invocation of constitutional or otherwise federal issues is beside the point. *See Franchise Tax Bd.*, 463 U.S. at 11 (explaining that, under the "well-pleaded complaint" rule, the complaint, rather than potential or even necessary defenses or counterclaims, determines federal question jurisdiction). Thus, as no federal question is essential to Plaintiff's claims, no federal question jurisdiction exists. *Id.* Accordingly, the Court lacks subject matter jurisdiction and this case must be remanded. 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons the Court hereby **REMANDS** this action to state court and **DENIES** Plaintiff's motion to shorten time as moot.

**IT IS SO ORDERED.**

**DATED:**   September 24, 2012

**IRMA E. GONZALEZ**
**United States District Judge**